IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Fred B. Johnson, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| Case number (If known) | **18-10402** | | |

☐ Check if this is an amended plan.

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$850.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____ % ☐ Debtor 2 ____ %

    ☑ Direct to the Trustee for the following reason(s):
      ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
      ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of **$0** (estimated amount) will be made on _____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Fred B. Johnson, Jr. | Case number | 18-10402 |
|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Capital One Auto/Ascension Capital/AIS | motor vehicle | 23,000.00 | 5.50% | $200.00 |
| CNAC/Drivestar Financial | motor vehicle | $12,422.00 | 5.50% | $100.00 |

(e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Rimtyme Custom Wheels/Magic Wheel | all collateral | $0 | $0 | $0 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; or ☐ without interest:

**None**

GASB - Form 113 December 1, 2017

| Debtor | Fred B. Johnson, Jr. | Case number | 18-10402 |
|---|---|---|---|

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0**% dividend or a pro rata share of $0, whichever is greater.

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Titlemax of Georgia | motor vehicle | Full Satisfaction of Debt |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit

| Debtor | Fred B. Johnson, Jr. | Case number | 18-10402 |
|---|---|---|---|

the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.  **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

All student loans, including but not limited to US Dept of Education/Navient, to be paid outside of bankruptcy directly by Debtor after deferment.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: March 15, 2018

X _Fred Johnson_
Fred B. Johnson, Jr.
*Debtor 1*

_Joseph E. Spires_
*Attorney for the Debtor(s)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE:                              )
                                    )
Fred B. Johnson, Jr.,               )      Chapter 13
         Debtor.                    )      Case No.: 18-10402 SDB
                                    )
_____)

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

Denoted with a * on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

Denoted with a ** on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

Denoted with a *** on attached Exhibit A.

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon an officer of the following insured depository institutions, via Certified Mail :

Denoted with a **** on attached Exhibit A.

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

Chapter 13 Trustee
U.S. Trustee


Dated: __March 15__, 2018

_____
Joseph E. Spires
Bar No. 672271

Ward and Spires, LLC
PO Box 1493
Augusta, Georgia 30903
(706) 724-2640
Wardspires@aol.com

```
Label Matrix for local noticing        AARGON Collection                      AT&T
113J-1                                 8668 Spring Mountain Road              PO Box 5093
Case 18-10402-SDB                      Las Vegas NV 89117-4132                Carol Stream IL 60197-5093
Southern District of Georgia
Augusta
Thu Mar 15 14:43:03 EDT 2018

CNAC dba Drivestar Financial           Capital One Auto Finance               Capital One Auto/Ascension Capital/AIS
1801 Gordon Highway                    c/o Ascension Capital Group/AIS        3901 Dallas Parkway
Augusta GA 30904-5636                  4515 N Santa Fe Avenue Dept APS        Plano TX 75093-7864
                                       Oklahoma City OK 73118-7901


Castle Payday                          Comenity Bank                          Dept of Education-Navient
Red Rock Tribal Lending                PO Box 182789                          PO Box 9635
PO Box 704                             Columbus OH 43218-2789                 Wilkes Barre PA 18773-9635
Watersmeet MI 49969-0704


Drivestar Financial II Inc dba CNAC    First Premier Bank                     Fred B. Johnson, Jr.
1285 Cassat Avenue                     601 S Minnesota Avenue                 1906 Lloyd Street
Jacksonville FL 32205-7083             Sioux Falls SD 57104-4868              Augusta GA 30906-2046


Georgia Department of Revenue          Internal Revenue Service               Joseph E. Spires
1800 Century Center Blvd NE            PO Box 7346                            Ward and Spires, LLC
Atlanta GA 30345                       Philadelphia PA 19101-7346             PO Box 1493
                                                                              Augusta, GA 30903-1493


LCA                                    LCA Services                           Huon Le
PO Box 15519                           18 Park of Commerce Blvd               P.O. Box 2127
Savannah GA 31416-2219                 Savannah GA 31405-7410                 Augusta, GA 30903-2127


(p)CONTINENTAL FINANCE COMPANY LLC     Merchan Credit Bureau                  Merchants Credit Bureau
PO BOX 8099                            PO Box 1588                            959-61 Greene Street
NEWARK DE 19714-8099                   Augusta GA 30903-1588                  Augusta GA 30901


Office of the U. S. Trustee            Rimtyme Custom Wheels/Magic Wheel      Seymour & Associates
Johnson Square Business Center         3695 Vienville Avenue                  101 Rossmore Place
2 East Bryan Street, Ste 725           Macon GA 31204-1882                    Ste b
Savannah, GA 31401-2638                                                       Augusta GA 30909-5772


(p)T MOBILE                            (p)TMX FINANCE LLC FORMERLY TITLEMAX   Verizon Wireless
C O AMERICAN INFOSOURCE LP             15 BULL STREET                         PO Box 49
4515 N SANTA FE AVE                    SUITE 200                              Lakeland FL 33802-0049
OKLAHOMA CITY OK 73118-7901            SAVANNAH GA 31401-2686


Walker Realty                          Webbank Fingerhut                      medical payment data
2479 Wrightsboro Road                  6250 Ridgewood Road                    2001 9th Avenue
Augusta GA 30904-6245                  Saint Cloud MN 56303-0820              Suite 312
                                                                              Vero Beach FL 32960-6413
```

Exhibit A

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

MABT/ContFin
121 Continental Drive
Ste 1
Newark DE 19713

T-MObile
PO Box 742596
Cincinnati OH 45274

Titlemax of Georgia
15 Bull Street
#200
Savannah GA 31401

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Fred B. Johnson Jr.
1906 Lloyd Street
Augusta, GA 30906-2046

(d)Joseph E. Spires
Ward & Spires, LLC
P O Box 1493
Augusta, GA 30903-1493

End of Label Matrix
Mailable recipients    29
Bypassed recipients     2
Total                  31